LAW OFFICE OF STEPHEN G. FRYE
Stephen G. Frye (CSBN 196728)
714 West Olympic Blvd., Suite 610
Los Angeles, California 90015
Telephone: (310) 990-8713
Facsimile: (626) 470-9656
Email: sgf@sgfryelaw.com

Attorney for YUSHAN LIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff.<br><br>vs.<br><br>**YUSHAN LIN,**<br><br>Defendant. | CR 24-331-AB<br><br>**SENTENCING POSITION MEMORANDUM OF DEFENDANT YUSHAN LIN**<br><br>Date: July 24, 2026<br>Time: 1:30 p.m.<br>Place: Hon. Andre Birotte<br>Courtroom 7B<br>U.S. District Court<br>350 West First Street<br>Los Angeles, CA 90012 |

**MEMORANDUM**

Defendant YUSHAN LIN ("Ms. Lin") respectfully submits that, given the equities in this case, a sentence of probation, to include a term of home confinement, is sufficient but no greater than necessary to accomplish the goals of sentencing. The Probation Office has recommended a sentence of 24 months, which is below the recommended sentencing guideline range. While Ms. Lin certainly appreciates the recommendation of the Probation Office, a sentence of probation is the most appropriate sentence in this case.

Ms. Lin is a remarkable person. She grew up in China and immigrated to the United States at age 19, leaving her family in China. Unless her health prevented otherwise, she has worked continuously since her arrival in this country. Soon after her arrival, she met her co-defendant Shuyi Xing ("Mr. Xing"). Unaccustomed to attention from men, she was very flattered by his attention. She fell in love with him and has been devoted to him since. She obtained her permanent residency card and began a family with Mr. Xing. When he became ill, she willingly became the primary breadwinner for the family. She has been a devoted mother and life partner without a hint of legal trouble other than this case.

When Mr. Xing and his friend Yang Song asked her to become involved in this offense, she did not question it, although she knew it was wrong. Now she and her family will pay the price, which she accepts. Her actions will mean she will lose her permanent residency status and likely be deported to China, likely away from her daughter, who is a United States citizen. She does not, however, deserve prison. A sentence of probation constitutes a reasonable sentence, one that is sufficient but no longer than necessary to accomplish the goals of sentencing.

## I.

## FACTS

### A. YUSHAN LIN.

Ms. Lin is a 32-year-old mother of a beautiful 10-year-old daughter who is a United States citizen. Ms. Lin was born in China and remains a Chinese citizen. She immigrated to the United States in 2012 when she was nineteen and has lived here

since. (PSR at ¶ 74). She is currently a legal permanent resident. (PSR at ¶ 70).

She is the oldest of three children. She was raised in a middle-class environment, but her mother and father were fined several times for violating China's Family Planning Policy, and her mother was forced to undergo sterilization in October 2000. (PSR at ¶ 73). Her father is in poor health and her younger siblings, though adults, still live with her parents in China. (Id.). Her family is unaware of her current legal situation. (Id.).

Since 2014 she has been in a monogamous, ongoing relationship with co-defendant Shuyi Xing. (PSR at ¶ 76). Ms. Lin met Mr. Xing while both were working as restaurant servers. They began living together in 2015, and Ms. Lin became pregnant shortly thereafter with their daughter Nicole, now age 10. (Id.). Nicole suffers from asthma and requires a machine to administer treatment during her asthma attacks. (Id.). Nicole was briefly removed from the home when Ms. Lin and Mr. Xing were arrested in this case and is very fearful that her parents will be taken away from her again. (Id.).

In 2018, Ms. Lin and Mr. Xing purchased their current home with the financial assistance of Mr. Xing's father. (PSR at ¶ 77). Following the purchase, Ms. Lin, Mr. Xing, their daughter Nicole, Mr. Xing's parents, and co-defendant Yang Song (a friend of Mr. Xing) moved into the residence. (Id.). Sadly, Mr. Xing's father is an alcoholic who often became abusive when drinking. Mr. Xing himself developed vitiligo and stopped working because of the corresponding embarrassment regarding his discoloration.

(Id.). Ms. Lin thereafter became the sole breadwinner for the family. (Id.).

Mr. Xing eventually returned to work, but his father became increasingly belligerent regarding his demand that Mr. Xing and Ms. Lin repay him for his assistance with the purchase of the house. (PSR at ¶ 78). No doubt intoxicated, one night Mr. Xing's father became so hostile that he threatened Ms. Lin with an ax, forcing the family to call the police. (Id.). Mr. Xing's father was arrested, and later criminally convicted and enjoined from living in the family home. (Id.). Mr. Xing's father eventually returned to China, suffered a stroke, and could not work; and Mr. Xing and Ms. Lin took over financial responsibility for the entire family.

Along with Ms. Lin and Mr. Xing, Ms. Lin's mother-in-law is a caregiver for Nicole. (PSR at ¶ 79). According to Ms. Lin's mother-in-law, she and Mr. Xing's father rely on Mr. Xing and Ms. Lin for financial support. (Id.). The prosecution of Mr. Xing and Ms. Lin has caused substantial family strain. (Id.). If Mr. Xing and Ms. Lin were both in custody, she does not know how she would be able to support Nicole on her own, as she has health issues, is unable to work and care for her granddaughter on her own, and does not know how to drive. (Id.).

Ms. Lin experienced considerable stress after becoming the family's sole financial provider following the onset of Mr. Xing's vitiligo and following the domestic violence perpetrated by her father-in-law. (PSR at ¶ 84). She has never received mental health treatment and is not taking any prescription medication for a mental health condition.

Ms. Lin has a high school diploma and no criminal record of any sort. Since arriving in the United States, she has worked continuously (see PSR ¶¶ 91 – 96), except for portions of 2018 and 2019 when she became involved in this offense to make money to support her family. In 2019, she also became pregnant, but the child had no heartbeat. The doctor recommended a forced abortion, and she remained on bed rest for much of the year.

**B. Objections to the PSR.**

1. Paragraphs 47-50 – Role in the Offense.

The Probation Office declined to apply a role reduction pursuant to U.S.S.G. §3B1.2. To qualify for a mitigating role adjustment, the defendant must be substantially less culpable than the average participant in the criminal activity. Section 3B1.2 provides for a range of downward adjustments based on mitigating roles. These adjustments apply to defendants who are substantially less culpable than the average participant.

Application Note 3(c) provides that the determination whether to apply a mitigating role adjustment is based on the totality of the circumstances and involves a determination that is heavily dependent on the facts of the particular case. In determining whether to apply a "minimal" or a "minor" role, or an intermediate adjustment, "the court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in the planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making

authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity.

In comparing a defendant's role to others in the offense, "[t]he relevant comparison is to other participants in the defendant's crime, not to typical defendants who commit similar crimes." United States v. Dominguez-Caicedo, 40 F.4th 938, 960 (9th Cir. 2022). Assessing the defendant's culpability vis-à-vis his co-conspirators requires three steps: "[f]irst, the court must identify all the individuals for whom there is sufficient evidence of their existence and participation in the overall scheme . . . [s]econd, the court must calculate a rough average level of culpability for these individuals, taking into account the five factors in comment 3(c) to the Mitigating Role Guideline . . . [t]hird, the court must compare the defendant's culpability to the average."

The Guidelines with regard to mitigating role were amended in 2015. The amendment came about after the Sentencing Commission undertook a study of the application of the downward role adjustment and how it has been applied. The study concluded that "[o]verall... mitigating role is applied inconsistently and more sparingly than the Commission intended." Amendments to the Sentencing Guidelines, United States Sentencing Commission, April

30, 2015, p. 45. Specifically, the guideline now states: "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. §3B1.2, Note 3(c).

Therefore, the fact that Ms. Lin's participation in the criminal activity was integral does not preclude her from receiving a downward adjustment for mitigating role. Indeed, a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 (Theft, Property Destruction, and Fraud) that greatly exceeds the defendant's personal gain from a fraud offense or who had limited knowledge of the scope of the scheme may receive an adjustment under this guideline.

Ms. Lin respectfully submits that her role in the offense was minor and she should receive a two-level downward adjustment for that minor role. This offense involved a large-scale fraud operation originating in China, targeting Apple, Inc. and using recruits, such as Ms. Lin, in the United States. Ms. Lin was induced into the scheme by Mr. Song, to whom she and her husband owed money, and to a lesser extent by her husband. She did not organize the scheme, did not direct others, did not recruit others, did not solicit others and received – at most – a very small amount of the proceeds from the scheme, $30 per phony Apple item returned.

2. Paragraph 52 – Adjusted Offense Level.

With a two-level reduction for minor role, the adjusted offense level should be 23.

3. Paragraph 58 – Total Offense Level.

With a two-level reduction for minor role, the total offense level should be 18. The recommended guideline range at Total Offense Level 18 and Criminal History Category I is 27-33 months.

4. Paragraphs 76, 86, 94 – Personal History.

Ms. Lin objects to paragraphs 76, 86, and 94 as incomplete. Since the Presentence Interview, indeed since the last meeting with counsel, Ms. Lin has confided that in 2019 she was pregnant, but that the baby to be had no heartbeat. Sadly, an abortion had to be induced, which was very traumatic for Ms. Lin. She suffered depression and was unable to work for an extended period. She has been too embarrassed to discuss this previously.

## II.

## ARGUMENT

### A. Application of the Sentencing Factors of 18 U.S.C. § 3553(a) Mandate a Sentence of Probation.

In United States v. Booker, 543 U.S. 220 (2005)), the Supreme Court excised from the sentencing analysis 18 U.S.C. §§ 3553(b)(1) and 3742(e), the statutory provisions rendering application of the Guidelines mandatory when sentencing a defendant. In fashioning this remedy, the Court rendered application of the now advisory Guidelines only one of several factors the district court must consider when imposing sentence. Id. at 767. The proper sentencing analysis, post-Booker is codified at 18 U.S.C. § 3553(a). The Court must "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" set forth at 18 U.S.C. §

3553(a). Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) (quoting Booker). The factors relevant to Ms. Lin's sentence are discussed below.

1. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant -- § 3553(a)(1) Factors.

a. Nature and Circumstances of the Offense.

Ms. Lin was the lowest foot soldier in the Apple Computer fraud scheme. Ms. Lin was induced into the scheme by Mr. Song, to whom she and her husband owed money, and to a lesser extent by her husband. She did not organize the scheme. She recruited no one; she directed no one; she solicited no one. She received $30 for each Apple device she returned. She admits she did wrong and she is very ashamed of what she did. But the nature and circumstances of her involvement in this offense do not justify prison.

b. History and Characteristics of the Defendant.

Ms. Lin is in many ways a remarkable woman. She is loving mother and devoted partner to Mr. Xing. She immigrated to the United States at nineteen, leaving her family in China. She worked in relatively low wage jobs, and soon met Mr. Xing and has been devoted to him since. She was unaccustomed to attention from men and was very flattered by his attention. When he developed vitiligo, she agreed to be the sole bread winner for the family until his condition improved. When he and Mr. Song asked her to become involved in this offense, she did not question it, although she knew it to be wrong.

She and Mr. Xing have beautiful daughter, about whom Ms. Lin is very worried. A prison sentence for Ms. Lin would devastate

her daughter, being separated from both parents. Additionally, as the Court is aware, Ms. Lin's conviction will almost certainly subject her to revocation of her permanent residency status and to deportation to China. Ms. Lin recognizes that family members often suffer the most severe consequences from the poor decisions of those facing the criminal justice system. But Ms. Lin urges the Court to consider her daughter when fashioning a just sentence in this case. The history and characteristics of Ms. Lin justify a sentence of probation.

2. <u>§ 3553(a)(2) Factors</u>

a. Just punishment.

Among the factors identified in 18 U.S.C. §3553(a)(2) is the necessity for the sentence imposed to provide just punishment. A sentence of probation would adequately punish Ms. Lin for her alleged conduct in this case. Such a sentence is consistent with the 36-month sentence imposed on co-defendant Jiang and the 24-month sentence imposed on co-defendant Hu, both of whom appear to be much more heavily involved in the conspiracy than Ms. Lin.

b. Adequate deterrence.

There is no need for a prison sentence to deter Ms. Lin. Her involvement in this offense was an aberration in her otherwise law-abiding life. She will not offend again.

c. Protect the Public from Defendant

The public needs no protection from potential further crimes by Ms. Lin.

3. <u>Sentencing Guidelines</u>.

Ms. Lin objects to the Presentence report as discussed above.

III.

**CONCLUSION**

For the forgoing reasons, Ms. Lin submits that a sentence of probation is sufficient but no greater than necessary to accomplish the goals of sentencing. If the Court imposes a sentence of imprisonment, Ms. Lin asks the Court to recommend her incarceration at a facility in Southern California.

Dated: July 14, 2026

Respectfully submitted,

LAW OFFICE OF STEPHEN G. FRYE

By:_________/s/_____________

Stephen G. Frye

Attorney for YUSHAN LIN

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is: 714 West Olympic Blvd., Suite 610, Los Angeles, CA 90015.

On July 14, 2026, I served **SENTENCING POSITION MEMORANDUM OF DEFENDANT YUSHAN LIN** by serving same on the U.S. Probation Officer by electronic mail:

USPO Elizabeth Lee
Elizabeth_Lee@cacp.uscourts.gov

**[x ] (FEDERAL)** I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

Executed on July 14, 2026, at Los Angeles, California.

| Stephen G. Frye | /s/ |
|---|---|
| PRINT NAME | SIGNATURE |